# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JESSIE L. MATTHEWS, | ) | 1:06-cv-00929-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS THE PETITION |
| v. | ) | (Doc. 12) |
| | ) | |
| | ) | ORDER DISMISSING PETITION FOR WRIT |
| CAMPBELL, | ) | OF HABEAS CORPUS (Doc. 1) |
| | ) | |
| Respondent. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT AND CLOSE FILE |

PROCEDURAL HISTORY

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal petition for writ of habeas corpus was filed on July 19, 2006. On February 11, 2008, the case was assigned for all purposes to the United States Magistrate Judge following the filing of written consent by both parties. (Docs. 4, 13, 14).

DISCUSSION

A.  Procedural Grounds for Motion to Dismiss

On January 22, 2008, Respondent filed a motion to dismiss the petition as being filed outside the one year limitations period prescribed by Title 28 U.S.C. § 2244(d)(1). (Doc. 12) Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

1

1    The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
2 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
3 state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
4 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
5 F.2d 599, 602-603 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss
6 for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982)
7 (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the
8 Court should use Rule 4 standards to review the motion.  Hillery, 533 F. Supp. at 1194 & n. 12.
9    In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.
10 2244(d)(1)'s one year limitation period.  Because Respondents motion is similar in procedural
11 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default
12 and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to
13 pursuant to its authority under Rule 4.
14    B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus
15    On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
16 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas
17 corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063
18 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), overruled on other grounds
19 by Lindh v. Murphy, 521 U.S. 320.  The instant petition was filed on July 19, 2006, and thus it is
20 subject to the AEDPA.
21    The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal
22 petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d)
23 reads:
24    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas
corpus by a person in custody pursuant to the judgment of a State court.  The
25    limitation period shall run from the latest of –
26        (A) the date on which the judgment became final by the conclusion of direct
review or the expiration of the time for seeking such review;
27
28 ///

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner was convicted on September 24, 1997. (Lodged Documents ("LD") 1, 2). Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District ("5th DCA"), and on June 24, 1999, the 5th DCA affirmed the judgment of conviction. (LD 2). Nothing in the record indicates that Petitioner ever filed a petition for review in the California Supreme Court. In most cases, the limitation period begins running on the date that the petitioner's direct review became final.

According to the Rules of Court, a decision of the California Court of Appeal becomes final thirty days after filing, and an appeal must be taken to the California Supreme Court within ten days of finality. Rule 24(a), 28(b), Cal.R.Ct. Therefore, the direct review became final forty days after the 5th DCA issued its decision, or on August 3, 1999. The one-year period would have commenced on August 4, 1999, and would have expired on August 3, 2000.

As mentioned, the instant petition was filed on July 19, 2006, almost six years after the limitations period expired. Thus, unless Petitioner is entitled to some form of tolling, the petition is untimely and must be dismissed.

   C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral

challenge."[1]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); see also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Ninth Circuit reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Nino, 183 F. 3d at 1005.  However, the limitations period is not tolled for the time such an application is pending in federal court.  Duncan v. Walker, 533 U.S. 167, 181-182, 121 S.Ct. 2120 (2001).

This statutory tolling will apply if a state petition has been "properly filed."  Artuz v. Bennett, 531 U.S. 4, 8, 121 S. Ct. 261 (2000)(holding that a properly filed state application complies with the applicable laws and rules governing filings, including the form of the application and time limitations).  A state habeas petition is "pending" during a full round of review in the state courts, a period that includes the time between a lower court decision and filing a new petition in a higher court as long as those intervals are "reasonable."  Carey v. Saffold, 536 U.S. 214, 222-224, 122 S. Ct. 2134 (2002).

In this case, the documents lodged with the motion to dismiss establish that Petitioner filed a series of state court habeas petitions commencing on September 24, 2003 with a petition filed in the Superior Court of Fresno County.  (LD 3).  Although Respondent presents a complete chronology of the various state court habeas petitions subsequently filed by Petitioner, such a chronology is unnecessary for purposes of this motion because the limitations period expired prior to the filing of the first of Petitioner's state court petitions.

A petitioner is not entitled to tolling where the limitations period has already run prior to filing a state habeas petition.  Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000); see Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000)(same); Ferguson v. Palmateer, 321 F.3d 820 (9th Cir.

---

[1] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

4

2003)("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Jackson v. Dormire, 180 F.3d 919, 920 (8th Cir. 1999) (petitioner fails to exhaust claims raised in state habeas corpus filed after expiration of the one-year limitations period).  Here, as mentioned, the limitations period expired on August 3, 2000, more than three years *before* Petitioner filed his first state habeas petition. Accordingly, he cannot avail himself of the statutory tolling provisions of the AEDPA.

    D.  Equitable Tolling

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Roy v. Lampert, 455 F. 3d 945, 950 (9th Cir. 2006); Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F. 3d 530 (9th Cir. 1998).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).

Here, Petitioner does not contend that he is entitled to equitable tolling.  The Court, in reviewing the record now before it, sees no basis for such a contention in any event.  Accordingly, the one-year limitations period will not be tolled on equitable principles.

Accordingly, the petition was filed over six years after the limitations period expired and no exception under the AEDPA is applicable to save the petition.  Therefore, the petition must be dismissed.

**ORDER**

Accordingly, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss the petition for failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period (Doc. 12), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED; and

///

///

///

    3.  The Clerk of the Court is DIRECTED to enter judgment against Petitioner and in favor of Respondent and close the file.

    This order terminates this case in its entirety.

IT IS SO ORDERED.

Dated:  **July 23, 2008**                                                  **/s/ Theresa A. Goldner**
                                                                         UNITED STATES MAGISTRATE JUDGE